UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RONALD ELZEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:17-200-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Ronald Elzey pled guilty in 2009 to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Ronald Elzey*, Nos. 1:09-cr-288 and 1:09-cr-607 (D. Md. 2009). The trial court determined that Elzey was a career offender under the federal sentencing guidelines, and it sentenced him to 262 months in prison on the § 1962(d) conviction and 120 months on the § 922(g) conviction. *See id.* The trial court then ordered Elzey to serve those sentences concurrently. *See id.*

Elzey is now a federal prisoner and, until a recent transfer, was confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Elzey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he attacks his underlying sentence. [R. 1.] Ultimately, Elzey argues that trial court erred when it determined that his prior criminal history, which includes a 2003 conviction in Maryland for resisting arrest, subjected him to an enhanced sentence under the guidelines.

Elzey's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition.

*See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Elzey cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, under certain limited circumstances, a prisoner may challenge his sentence in a § 2241 petition. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, the Sixth Circuit has explained that this is only true when the prisoner was sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2006). That is clearly not the case here as the trial court actually sentenced Elzey in 2010, well after the Supreme Court decided *Booker*. Therefore, Elzey's § 2241 petition is unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Elzey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding judgment will be entered this date.

This the 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge